# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAMUEL KAUFFMAN

### DEFENDANTS
CITY OF PHILADELPHIA, ET AL.

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DAVID A. BERLIN, WEISBERG LAW; 7 SOUTH MORTON AVE, MORTON, PA 19070

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [x] 443 Housing/Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
This action arises under 42 U.S.C. §1983 and the Fourteenth Amendment. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.

Brief description of cause:
This civil rights action arises from Plaintiff Samuel Kauffman's violent assault inside the Philadelphia Detention Center in December 2023.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** Excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/03/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ David A. Berlin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____ _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL KAUFFMAN**<br>C/O Weisberg Law<br>7 S. Morton Ave.<br>Morton, PA 19070<br>　　　　Plaintiff,<br>　　v.<br><br>**CITY of PHILADELPHIA d/b/a DETENTION CENTER**<br>8201 State Road<br>Philadelphia, PA 19136<br><br>and<br><br>**BLANCHE CARNEY, FORMER PRISONS COMMISSIONER**<br>**Individually and in her official capacity**<br>8201 State Road<br>Philadelphia, PA 19136<br><br>**MICHAEL RESNICK, ESQUIRE, CURRENT PRISONS COMMISSIONER**<br>**Individually and in his official capacity**<br>8201 State Road<br>Philadelphia, PA 19136<br><br>and<br><br>**JOHN DOES 1–10 (Correctional Officers); and JOHN DOES 11–20 (Supervisors), Individually and in their official capacities**<br>8201 State Road<br>Philadelphia, PA 19136<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **NO.**<br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

This Sas action arises from Plaintiff Samuel Kauffman's violent assault inside the Philadelphia Detention Center in December 2023, when malfunctioning cell doors and pervasive security failures allowed two inmates to freely enter his cell and beat him severely. Despite obvious trauma, including facial fractures, tooth loss, and hearing damage, DOC staff failed to provide immediate medical care, and Plaintiff was taken to a hospital only two days later after his wife intervened. The unsafe conditions that enabled the assault, broken doors, lack of supervision, ignored maintenance failures, and chronic understaffing, reflect systemic unconstitutional practices within the Philadelphia prison system during the leadership of then–Prisons Commissioner Blanche Carney, and continuing under current Commissioner Michael R. Resnick, Esq.

## PARTIES

1. Plaintiff, Samuel Kauffman, is an adult citizen of Pennsylvania.

2. Defendant City of Philadelphia operates the Philadelphia Department of Corrections ("DOC"), including responsibility for staffing, security, and the condition of facilities.

3. Defendant Blanche Carney ("Carney") was the Prisons Commissioner at the time of the incident, responsible for security, supervision, maintenance, staffing, and operational policies at the Philadelphia Detention Center. She is sued in her individual and official capacities.

4. Defendant Michael R. Resnick, Esq.("Resnick") is the current Prisons Commissioner for the City of Philadelphia, responsible for ongoing oversight of prison operations and for implementing or continuing the policies, customs, and practices at issue. He is sued in his individual (to the extent appropriate under the facts) and official capacities.

5. Defendants John Does 1–10 are correctional officers responsible for supervision of the housing unit where Plaintiff was assaulted. John Does are sued in their individual and official capacities for their direct involvement in, knowledge of, and responsibility for the unconstitutional conditions described herein

6. Defendants John Does 11–20 are supervisory officials responsible for safety, cell door maintenance, staffing, and inmate protection. John Does are sued in their individual and official capacities for their direct involvement in, knowledge of, and responsibility for the unconstitutional conditions described herein.

## JURISDICTION AND VENUE

7. This action arises under 42 U.S.C. §1983 and the Fourteenth Amendment. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.

8. Venue is proper in this District under 28 U.S.C. §1391 because all events occurred within the Eastern District of Pennsylvania.

## OPERATIVE FACTS

*Plaintiff's Custody and Assault*

9. On or about December 5, 2023, Plaintiff was housed at the Philadelphia Detention Center.

10. Plaintiff had undergone surgery approximately two months prior and was still recovering.

11. The housing unit where Plaintiff was held had broken, malfunctioning, and non-locking cell doors.

12. Inmates routinely walked freely in and out of cells because the doors could not be secured.

13. Upon information and belief, these defective doors were a long-standing, system-wide problem documented across multiple facilities within the Philadelphia Department of

Prisons. Maintenance requests, staff logs, and internal audits repeatedly identified widespread lock failures.

14. Upon information and belief, DOC leadership, including Commissioner Carney, had actual or constructive knowledge of these failures from reports, inspections, union grievances, and repeated alerts from correctional staff.

15. On the date of the assault, two inmates, one in a blue jumpsuit and one in an orange jumpsuit, entered Plaintiff's cell unimpeded.

16. The inmates attacked Plaintiff, striking him repeatedly in the head and face.

17. Plaintiff suffered a split lip, fractured orbital socket, hearing loss now requiring a hearing aid, loss of his two front teeth, and has vision impairment requiring glasses.

18. Plaintiff did not know the identities of the attackers and DOC undertook no investigation to determine who they were.

19. DOC staff photographed Plaintiff's injuries and the broken doors.

20. Despite the severity of Plaintiff's injuries, he received no immediate medical care.

21. Only two days later, after Plaintiff's wife contacted the facility demanding medical attention, was Plaintiff taken to a hospital.

*Known Dangerous Conditions & Systemic Failures*

22. This relocation reflected DOC's acknowledgment that the unsafe conditions predated the assault and had been ignored despite clear notice.

23. Upon information and belief, for years before Plaintiff's assault, Philadelphia prisons faced chronic understaffing, recurring security breakdowns, non-functional cell doors, poor supervision ratios, and unmonitored inmate movement, systemic failures repeatedly brought to Commissioner Carney's attention.

24. These dangerous conditions continued under Commissioner Resnick, who inherited and maintained many of the same customs, practices, understaffing problems, and unresolved security failures.

25. The failures were not isolated incidents but part of an established municipal custom of tolerating unconstitutional conditions of confinement.

*Transfer to State Custody*

26. Plaintiff was later transferred to a state correctional institution near Huntingdon.

27. Despite his injuries, he received no medical follow-up, resulting in long-term impairments requiring dentures, glasses, and a hearing aid.

### COUNT I
### 42 U.S.C. § 1983
### FAILURE TO PROTECT (Fourteenth Amendment)
*Against Individual Defendants, Carney, and Resnick*

19. The above paragraphs are incorporated herein by reference.

20. Plaintiff had a clearly established right to be protected from known, substantial, and obvious risks of serious harm.

21. Defendants, including Commissioners Carney and Resnick, knew of the widespread system failures, broken doors, lack of supervision, and substantial risk of harm.

22. Defendants acted with deliberate indifference by failing to take reasonable steps to secure the unit or protect Plaintiff.

23. Their failures directly caused Plaintiff's assault and injuries.

### COUNT II
### MONELL
*Against City of Philadelphia*

24. The above paragraphs are incorporated herein by reference.

25. Plaintiff incorporates all prior paragraphs.

26. The City maintained customs and practices of:

    a. Permitting non-functional cell doors to persist without repair;

    b. Understaffing units with known security failures;

    c. Failing to train and supervise officers regarding inmate supervision and safety;

    d. Failing to respond to known risks of inmate-on-inmate violence;

    e. Failing to ensure emergency medical response following serious assaults.

27. These municipal customs and failures were the moving force behind Plaintiff's injuries.

## COUNT III
## 42 U.S.C. §1983
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
*Against Individual Defendants*

19. The above paragraphs are incorporated herein by reference.

20. Plaintiff suffered obvious, severe injuries requiring immediate medical attention.

21. Defendants delayed care for two days despite knowing Plaintiff required urgent treatment.

22. This deliberate indifference caused unnecessary pain, complications, and long-term harm.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

                                                                              **WEISBERG LAW**

                                                                              /s/ David A. Berlin
                                                                              David A. Berlin, Esquire
                                                                              Matthew B. Weisberg, Esquire
                                                                              Gary Schafkopf, Esquire

Lisa Claire, Esquire
Attorneys for Plaintiff